IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Case No. 13-po-1513 |
| RICHARD E. ANAMELECHI, | * |
| Defendant | * |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's request to expunge his criminal conviction for driving under the influence of alcohol in violation of 36 C.F.R. § 4.23(a)(1). ECF No. 22. The Government filed no opposition to the motion for expungement. No hearing is necessary. L.R. 105.6.

On May 6, 2013, Defendant pleaded guilty to driving under the influence of alcohol in violation of 36 C.F.R. § 4.23(a)(1). The Court entered judgment on May 17, 2013. Defendant now seeks expungement of his criminal conviction, as he is "pursuing a career in law enforcement, and understand[s] that this arrest could prove detrimental to a possible future with a reputable department." ECF No. 22.

Because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States v. McKnight*, __ F. Supp. 3d __, No. 07-MJ-1218-SKG, 2014 WL 3513389, at *2 (D. Md. July 11, 2014).

[F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of

claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

Here, the adjudicative facts underlying Defendant's conviction are not interdependent with the equitable considerations raised by Defendant's request for expungement. *See United States v. Harris*, 847 F. Supp. 2d 828, 834 (D. Md. 2012). Further, expungement of Defendant's criminal conviction runs contrary to a federal court's ability to vindicate its authority and effectuate its decrees. *See id.* at 834-35; *United States v. Mitchell*, 683 F. Supp. 2d 427, 432-33 (E.D. Va. 2010). Because the Court accordingly lacks ancillary jurisdiction, Defendant's request to expunge his criminal conviction (ECF No. 22) is **DENIED**.

Date: January 21, 2015                                        /s/
                                                     Thomas M. DiGirolamo
                                                     United States Magistrate Judge